UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON THOMPSON and MARK A. HAYDEN, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> K.R. DENTH TRUCKING, INC., THOMAS J. MANZKE, KENNETH S. DRENTH, STEVEN RUCKERT, JOHN MCGEE and KENNETH ANDRESEN <br><br> Defendants. | Collective Action <br><br> Case No. 1:10-cv-0135-TWP-DKL |

**ENTRY ON DEFENDANTS' MOTION TO RECONSIDER**

This dispute arises out of allegations that Defendants ("Defendants" or "KRD") violated the Fair Labor Standard Act ("FLSA") by failing to pay a certain group of truck drivers ("Plaintiffs") overtime premiums. Plaintiffs sought conditional certification of the following proposed collective action:

> All present and former Non-Recyclable Drivers employed by [KRD] and any subsidiary that has worked over 40 hours in a workweek on or after January 18, 2007.

(Dkt. 70 at 1). On February 11, 2011, the Court denied Plaintiffs' Motion, ruling that the Motor Carrier Act exemption applied to named Plaintiffs, thus rendering them ineligible for overtime pay and unsuitable collective action representatives. On March 11, 2011, Plaintiffs asked the Court to reconsider its ruling. On June 15, 2011, the Court heeded this request, and, in doing so, granted Plaintiffs' underlying Motion for Conditional Certification. (*See* Dkt. 77). Not to be outdone, Defendants immediately asked the Court to reconsider its ruling on Plaintiffs' Motion to Reconsider.

By now, the parties are certainly well aware of the purpose of a motion to reconsider. "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation and quotations omitted). Motions to reconsider should be "rare." *Id.* (citation and internal quotations omitted). This case, of course, is proving to the be the exception to that rule.

Simply stated, the Court stands by its ruling on Plaintiffs' Motion to Reconsider, especially in light of the Seventh Circuit's recent decision in *Johnson v. Hix Wrecker Service, Inc.*, – F.3d –, 2011 WL 2586284 (7th Cir. July 1, 2011), which squarely addressed the "interstate commerce" requirement of the Motor Carrier Act exemption. Notably, the Seventh Circuit held that an employer's affidavit stating that a driver "was subject to being assigned an out of state . . . run at all times during his employment" was insufficient to establish the applicability of the exemption as a matter of law. *Id.* at *3. Suffice it to say, this decision reinforces the Court's view that its initial decision denying conditional class certification erroneously "jumped the gun."

Accordingly, Defendants' Motion to Reconsider (Dkt. 78) is **DENIED**. In conjunction with their Motion to Reconsider, Defendants moved the Court to stay enforcement of the Court's order instructing Defendants to electronically produce certain information on potential class members within 30 days. Defendants' Motion to Stay (Dkt. 80) is **GRANTED**, and Defendants have 14 days from the day of this entry to comply with the Court's directive to produce the requisite information.

SO ORDERED: 08/03/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Emmanuel V.R. Boulukos**
ICE MILLER LLP
emmanuel.boulukos@icemiller.com,deborah.smith@icemiller.com

**David J. Carr**
ICE MILLER LLP
carr@icemiller.com,ross@icemiller.com

**Paul Conrad Sweeney**
ICE MILLER LLP
paul.sweeney@icemiller.com,mary.unger@icemiller.com

**Stephen E. Vander Woude**
LANTING PAARLBERG & ASSOCIATES
svanderwoude@lantingpaarlberg.com,svanderwoude@lpalawltd.com

**Ronald E. Weldy**
WELDY & ASSOCIATES
weldy@weldylaw.com