UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON THOMPSON and MARK A. HAYDEN, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> K.R. DENTH TRUCKING, INC., THOMAS J. MANZKE, KENNETH S. DRENTH, STEVEN RUCKERT, JOHN MCGEE and KENNETH ANDRESEN <br><br> Defendants. | Collective Action <br><br> Case No. 1:10-cv-0135-TWP-DKL |

## ENTRY ON DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY ORDER UNDER 28 U.S.C. § 1292(b) AND MOTION TO STAY DISCOVERY

*Procedural Posture*

This dispute arises out of allegations that Defendants ("Defendants" or "KRD") violated the FLSA by failing to pay a certain group of truck drivers ("Plaintiffs") overtime premiums. Plaintiffs sought conditional certification of the following proposed collective action:

> All present and former Non-Recyclable Drivers employed by [KRD] and any subsidiary that has worked over 40 hours in a workweek on or after January 18, 2007.

On February 11, 2011, the Court denied Plaintiffs' motion for conditional certification, ruling that the Motor Carrier Act exemption applied to named Plaintiffs, thus rendering them ineligible for overtime pay and unsuitable collective action representatives. On March 11, 2011, Plaintiffs asked the Court to reconsider its ruling. On June 15, 2011, the Court heeded this request, and, in doing so, granted Plaintiffs' underlying motion for conditional certification. (*See* Dkt. 77).

Defendants immediately asked the Court to reconsider its ruling granting conditional

certification (Dkt. 78). When that motion was denied (Dkt. 84), Defendants filed the present motion (Dkt 86), asking the Court to certify its Order for interlocutory review pursuant to 28 U.S.C. § 1292(b), which will allow Defendants to petition the Seventh Circuit for appeal. Unfortunately, this case is beginning to resemble a jittery offensive lineman, plagued by one false start after another.

## *Interlocutory Review*

Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Certification under § 1292(b) requires four statutory criteria to be met: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must materially advance the ultimate termination of the litigation. *See Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). "There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000)

"Unless all these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id*. at 676. That said, "[i]t is equally important . . . to emphasize the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when the statutory criteria are met." *Id*. at 677. To be sure, these circumstances don't arise with regularity: "Certification is the

exception and not the rule." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill.1995) (citation omitted).

At this time, the Court is not persuaded that certification would materially advance the ultimate termination of the litigation. As Plaintiffs note, the Court will have a more complete picture of this case after discovery, and, at that time, Defendants can file for decertification. Presumably, this process could easily be completed in less than 10 months. The median appeal time in the Seventh Circuit as of 2005, by contrast, was 10.6 months. *See Coan v. Nightingale Home Healthcare, Inc.,* 2006 WL 1994772, *4 (S.D. Ind. July 14, 2006) (denying motion to certify interlocutory appeal in FLSA collective action; "[f]ederal court management statistics for fiscal year 2005 show that the median time from the filing of a notice of appeal to final disposition in the Seventh Circuit is 10.6 months, which is the fourth fastest median among the circuits"). For this reason alone, the Court believes that denying Defendants' Motion is the most prudent course of action.

*Conclusion*

For the reasons set forth above, Defendants' Motion for Certification of Interlocutory Order Under 28 U.S.C. § 1292(b) (Dkt. 86) is **DENIED**. This ruling aligns with the general rule that the "preferred practice is to defer appellate review until the entry of final judgment." *Hoffman v. Carefirst of Fort Wayne, Inc.*, 2010 WL 3940638, at *2-3 (N.D. Ind. Oct. 6, 2010). As for Defendant's companion Motion for Stay of Proceedings (Dkt. 88), this motion will be **GRANTED**. Defendants have 14 days from the day of this entry to comply with the Court's directive to produce the following: the names, addresses, telephone numbers, dates of employment, location of employment, and dates of birth of all potential plaintiffs, which

at this time are limited to employees who work/have worked in KRD's Indianapolis operations (on or after January 18, 2007). This directive must be adhered to without exception. The Court is not inclined to entertain another motion to stay.

SO ORDERED: 10/07/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Emmanuel V.R. Boulukos**
ICE MILLER LLP
emmanuel.boulukos@icemiller.com,deborah.smith@icemiller.com

**David J. Carr**
ICE MILLER LLP
carr@icemiller.com,ross@icemiller.com

**Paul Conrad Sweeney**
ICE MILLER LLP
paul.sweeney@icemiller.com,mary.unger@icemiller.com

**Stephen E. Vander Woude**
LANTING PAARLBERG & ASSOCIATES
svanderwoude@lantingpaarlberg.com,svanderwoude@lpalawltd.com

**Ronald E. Weldy**
WELDY & ASSOCIATES
weldy@weldylaw.com